(C. D. 541)

ABERCROMBIE & FITCH CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 15, 1941)

*Lane & Wallace* (*William .H. Fox* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Francis X. O'Donnell, Jr.*, special attorney), for the defendant.

Before OLIVER and WALKER, Judges

WALKER, Judge: This is a suit against the United States arising at the port of New York for the recovery of money claimed to have been improperly exacted as customs duties on an importation of moccasin-type slippers made of sealskin. Duty was assessed thereon by the collector at the rate of 50 per centum ad valorem under the provision in paragraph 1519 (e) of the Tariff Act of 1930 for "articles * * * manufactured * * * wholly or in chief value of fur, not specially provided for." They are claimed by plaintiff to be properly dutiable at the rate of 35 per centum ad valorem under the provision in paragraph 1530 (e) of the same act for "footwear * * * the uppers of which are composed wholly or in chief value of * * * animal hair * * * whether or not the soles are composed of leather, wood, or other materials." Other claims made were in effect abandoned.

The official samples of the merchandise retained by the Government were offered in evidence by counsel for the plaintiff, and there being no objection, were admitted and marked collective exhibit 1. Counsel then stipulated that—

both the upper part and the lower part, which comprise the entire exterior or outside of the moccasins in collective exhibit 1, are composed in chief value of animal hair, in the form of sealskin, and that the moccasins are lined with animal hair in the form of lambskins.

Examination of collective exhibit 1 shows that it consists of a slipper as described in the stipulation, and that as in the common understanding of what constitutes a moccasin the material of the sole is carried in one piece over the sides and over the toes and is joined at the fore upper part of the article to a U-shaped piece of sealskin, the joining being set off by a line of red piping.

Framing the issue in its brief the defendant asks, "Is the imported merchandise entitled to classification as footwear in chief value of animal fur?" After a careful analysis of the facts and the law applicable to the situation we are compelled to answer in the affirmative.

Further along, in the opening statement of its argument, the defendant says, "The imported moccasins are not classifiable as footwear under paragraph 1530 (e)."

The word "moccasin" is derived from the word "mawcahsun" of the Algonkian Indian language, and means "shoe." In truth

and in fact the moccasin has been almost entirely used as footwear by the Eskimo of the Arctic and by all tribes of North American Indians. There can be no question, therefore, but that moccasins are footwear, and that the slippers at bar fall into that category.

The defendant cites in support of its contention the case of *United States* v. *Kahn & Co.*, 13 Ct. Cust. Appls. 57, T. D. 40881. With that decision we have no fault to find, and agree with the opinion of the Court of Customs and Patent Appeals, but we do not believe it is controlling here. There the subject of decision was an importation of baby bootees, and the court said with reference thereto:

\* \* \* The articles in question have a well-known name, "bootees," *and resemble more nearly in their form and use hose* than they do boots and shoes made with uppers and soles.

It is a reasonable assumption that Congress intended, by the language used in paragraph 1405, to include only such boots, shoes, and other footwear as were manufactured with uppers and soles, and that there should be on inspection some visible line of demarcation between such uppers and soles in each instance. [Italics added.]

In the case before us for decision we have footwear of a most pronounced and decided character, soles and uppers being clearly discernible by the very form and shape of the article.

Funk & Wagnalls New Standard Dictionary defines "sole" as—

The bottom of a shoe, boot, sandal, or slipper,

and "upper" as—

That part of a boot or shoe above the sole and welt.

Examination of collective exhibit 1 shows that it has both soles and uppers and that it is obviously designed to be used as footwear. While the sole and part of the upper are made of one piece, nevertheless by reason of the construction of the moccasin both are clearly defined, one from the other, and, as distinguished from the bootees in the *Kahn* case, *supra*, the moccasins more nearly resemble in form and use boots and shoes than they do hose or any other article.

Clearly, this is an outstanding case for the application of the doctrine of *ejusdem generis* if any there be. The enumeration of specific kinds of footwear, i. e., boots and shoes, in paragraph 1530 (e) is followed by a general term "footwear." The rule requires that the general term be construed as limited to articles of the same species as the particular articles enumerated. We are satisfied that the moccasins at bar are within that category. In form, shape, name, and use they have the attributes of boots and shoes.

For the foregoing reasons judgment will issue in favor of the plaintiff, and the collector of customs will be directed to reliquidate the entry assessing duty at only 35 per centum ad valorem, as claimed.